UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                                         :
IN RE COUDERT BROTHERS LLP                                               :   **ORDER AND OPINION**
                                                                         :   **AFFIRMING BANKRUPTCY**
                                                                         :   **COURT**
                                                                         :
                                                                         :   09 Civ. 9561 (AKH)
                                                                         :
                                                                         :
------------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

   Statek Corporation had a pending lawsuit against Coudert Brothers LLP, its former attorneys, and filed a claim against Coudert in Coudert's bankruptcy, in the amount of approximately $87 million. The Bankruptcy Court for the Southern District of New York (Drain, J.), dismissed Statek's claim, holding in an order of July 22, 2009 that under In re Gaston & Snow, 243 F.3d 599 (2d Cir. 2001), cert. denied, 534 U.S. 1042 (2001) ("Gaston"), New York's choice of law rules, as well as New York's borrowing statute, CPLR § 202, apply and the claim is barred by the running of limitations. Statek appeals from that decision, and from the denial of its motion for reconsideration, Order, Sept. 8, 2009. For the reasons stated in this Opinion, Statek's appeal is denied.

**I. Background**

   The facts below, taken from Statek's amended complaint, are somewhat complicated but are not in dispute. Coudert was Statek's former lawyers, having been engaged so to act by its then controlling persons, Hans Frederick Johnston and Sandra Spillane. Miklos Vendel, a substantial shareholder, ousted Johnston and Spillane and filed suit against them in the Delaware Court of Chancery, for waste, mismanagement, fraud and theft. The Delaware Court of Chancery entered a judgment against Johnston and Spillane on May 31, 2000 for $30,314,271. Statek pursued its claim in insolvency proceedings against Johnston in the Supreme Court of Judicature of England and Wales.

Statek sued Coudert on November 5, 2005 in Connecticut Superior Court, alleging that it hindered and frustrated Statek's collection efforts by failing and refusing to produce records and files maintained by Coudert as Statek's former lawyers. Coudert's alleged failures began in 1996, in the Delaware Court of Chancery lawsuit, and continued in a lawsuit in England filed against Johnston by the trustee appointed by Johnston's insolvency court, in October 2002 and through 2003. In June 2003, the trustee filed ancillary proceedings in the Bankruptcy Court for the District of Connecticut, and Coudert's failures and refusals in making production allegedly continued in that court as well.

Coudert filed for protection in the Bankruptcy Court for the Southern District of New York, and Statek stated a claim of $87 million against Coudert in the bankruptcy proceedings. Coudert removed Statek's lawsuit against Coudert from the Connecticut Superior Court to the United States District Court for the District of Connecticut, and caused it to be stayed in favor of the bankruptcy proceedings, and then resumed it. However, the District Court, on February 1, 2008, dismissed the lawsuit because of forum non conveniens, in favor of the Bankruptcy Court or another convenient forum. Coudert refused to waive limitations and, when Statek pressed its claim in the Bankruptcy Court, moved to dismiss. On July 22, 2009, the Bankruptcy Court dismissed Statek's claim against Coudert as time barred.

The Holding Below

Statek had argued, in response to Coudert's motion, that the Bankruptcy Court should have applied federal choice of law rules pointing to English law, and, that under English law, its claim was timely. Statek conceded that if New York law applied, its claim was time-barred. The Bankruptcy Court held that there is no strong federal policy implicated in this case and, under Gaston, New York choice of law rules and New York's borrowing statute thus applied. As Statek had conceded the point, the Bankruptcy Court held that its claim was untimely under New York law.

On reconsideration, Statek developed an alternative argument, that Connecticut's choice of law rules should have been applied since Connecticut was the transferor forum to the Bankruptcy Court for the Southern District of New York.  See Ferens v. John Deere Co., 494 U.S. 516, 522-32 (1990); Van Dusen v. Barrack, 376 U.S. 612, 629-33 (1964).

The Bankruptcy Court denied Statek's new ground as inappropriately made in a motion for reconsideration.  See In re Coudert Brothers LLP, No. 06-12226 (RDD), 2009 WL 2928911, at *2-4 (Bankr. S.D.N.Y. September 8, 2009).  The Bankruptcy Court pointed out, as well, that Statek's lawsuit was dismissed in Connecticut, not transferred, and in any event the choice of law in the Bankruptcy Court was between federal law, if there was a strong federal policy at stake, or the choice of law rule in the state in which the Bankruptcy Court was located.  Id. (citing In re Jafari, 569 F.3d 644, 645, 646-49 (7th Cir. 2009); In re Global Indus. Techs., Inc., 333 B.R. 251, 255, 256-57 (Bankr. W.D. Pa. 2005)).

## II. Discussion

The District court reviews the decision of the Bankruptcy Court, dismissing the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, de novo for rulings on law, see In re Motors Liquidation Co., --- B.R. ---, 2010 WL 1730802, at *7 (S.D.N.Y. 2010) (citing In re Enron Corp., 419 F.3d 115, 124 (2d Cir. 2005))), and for abuse of discretion regarding the discretionary decision not to entertain the newly made argument in the motion for reconsideration, see Coe v. RJM, LLC, No. 09-4127-bk, 2010 WL 1564363, at *2 (2d Cir. Apr. 20, 2010) ("Because Appellant's appeal to the district court concerned the bankruptcy court's orders denying her motions for reconsideration, this Court reviews each of those decisions for abuse of discretion."); In re Enron Corp., 352 B.R. 363, 367 (Bankr. S.D.N.Y. 2006) ("'[T]he bankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary.'" (quoting In re Colley, 814 F.2d 1008, 1010 (5th Cir. 1987))).

3

Under New York law, if an action arises elsewhere and is in favor of a non-resident, the governing statute of limitations is the shorter, between the limitations rule provided by New York law, and the limitations rule provided by the law of the jurisdiction where the cause of action arose. CPLR § 202 provides:

> [a]n action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

Statek had conceded that if New York law applied, its claim was untimely.

Klaxon Co. v. Stentor Electric Manufacturing Co. established the rule that a Federal court exercising diversity jurisdiction should apply the choice of law rules of the forum state. 313 U.S. 487, 496-97 (1941). Klaxon, extending the rule of Erie Railroad v. Tompkins, 304 U.S. 64 (1938), held that choice of law rules are no different from the arguably more substantive federal common law that Erie prohibited. 313 U.S at 496. Gaston extended Klaxon's rule to bankruptcy courts, holding that "bankruptcy courts confronting state law claims that do not implicate federal policy concerns should apply the choice of law rules of the forum state." 243 F.3d at 601-02.

In Gaston, the Plan Administrator for a law firm sued an Idaho couple, two of the law firm's former clients, for unpaid legal fees. The parties disputed whether the claim was barred under the 4-year Idaho statute of limitations, or viable under the 6-year New York statute of limitations. The Second Circuit Court of Appeals held that CPLR § 202 governed, that the longer period of limitations provided by New York law applied because, as the trial court held, the cause of action accrued in favor of Gaston & Snow, a New York resident. The court also held that the Idaho couple forfeited their argument that Gaston & Snow was not a New York resident because they did not raise it before the court below.

The Court of Appeals ruled that no federal policy was implicated, for the interest in national uniformity was not sufficient to displace state choice of law rules. Id. at 606 ("While an

4

interest in uniformity can justify the creation of federal common law, Klaxon rejected the need for uniformity as a justification for displacing state conflicts rules." (citing Klaxon, 313 U.S. at 496)). A federal interest to prevent forum shopping among bankruptcy courts rarely would be implicated, particularly in an involuntary bankruptcy. Id. ("Regarding the federal interest in avoiding forum shopping, we believe there are only a limited number of cases in which this interest is implicated. Here, for example, where the debtor was brought into bankruptcy court through an involuntary petition, it is difficult to argue that any forum shopping occurred."). Vanston Bondholders Protective Committee v. Green, 329 U.S. 156 (1946) ("Vanston"), cited by the Plan Administrator and distinguished by the Gaston court, involved such an important federal interest, for post-bankruptcy compound interest could endanger the viability of reorganization plans and the integrity of creditors' compromises. As the Court of Appeals observed, "allowing interest upon interest would violate the policy of the Bankruptcy Act." 243 F.3d at 607.

Statek argues that Gaston is distinguishable and did not require application of New York's choice of law rules and borrowing statute. Statek argues that it really began its lawsuit against Coudert in Connecticut. However, the Bankruptcy Court for the Southern District of New York issued its ruling, not with respect to Statek's Connecticut claim, but to that filed in the Southern District of New York. Indeed, Statek's lawsuit in Connecticut was dismissed.

Statek's additional arguments for distinction also are without merit. It does not matter that its claim against Coudert was a "core" proceeding, and not, as in Gaston, an adversary proceeding, for the absence of an important federal interest remains the same. Nor is the rule favoring deference to State law affected by the presence, or absence, of prejudice to other creditors of the bankrupt estate. Nor does it matter that New York has less of an interest than, arguably, the United Kingdom or Connecticut; again those are not federal concerns. Nor does it matter that Coudert's malpractice insurer would be paying any claim that might be honored. Nor does it matter

that Coudert is being absolved from serious discovery abuse by a "technicality;" an argument of that sort would do away with motions based on the running of limitations.

Statek fails to show any important federal interest that would be frustrated by the holding of the Bankruptcy Court. And there is no basis to argue that the Southern District of New York was an improper forum. Coudert's primary office was in Manhattan and the multitude of claims asserted against Coudert in the Southern District of New York shows that Coudert did not choose the forum in order to discriminate against Statek's claim.

### III. Conclusion

For the reasons stated above, I affirm the Bankruptcy Court's decisions disallowing Statek's claim and denying its motion for reconsideration. The oral argument scheduled for June 21, 2010, is cancelled. The Clerk shall mark the case as closed.

SO ORDERED.

Dated: June 11, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

6